

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**18      4375**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3049 Almond Street, Philadelphia PA 19134 _____

Address of Defendant: _____ 12 Greenway Plaza #250, Houston, TX 77046 _____

Place of Accident, Incident or Transaction: _____ 3049 Almond Street, Philadelphia PA 19134 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year   Yes ☐   No ☑
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit   Yes ☐   No ☑
   pending or within one year previously terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier   Yes ☐   No ☑
   numbered case pending or within one year previously terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights   Yes ☐   No ☑
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in
this court except as noted above.

DATE: 10/10/2018 _____    _____    53521

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
       *(Please specify):* Alleged violation of TCPA, 47 U.S.C. § 227

**B.   *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Clayton Morrow _____ , counsel of record or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
    exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10-10-18 _____    _____    53521

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| | : | |
| Shelton, et. al.   v.   Direct Energy, LP | : | |
| | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                     (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                     (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                     ( X )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (  )

| 10/3/2018 | /s/ Clayton Morrow | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 209-0656 | (412) 386-3184 | csm@consumerlaw365.com |
| (412) 386-3184 | | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAMES EVERETT SHELTON and JON FREY

**DEFENDANTS**
DIRECT ENERGY, LP

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Harris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Morrow & Artim, PC, 304 Ross Street, 7th Floor
Pittsburgh, PA 15219, Telephone: (412) 281-1250

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
A putative class action brought pursuant to the Telephone Consumer Protection Act for automated telemarketing

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  10/03/2018
SIGNATURE OF ATTORNEY OF RECORD  /s/ Clayton S. Morrow

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| JAMES EVERETT SHELTON AND JON FREY, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>DIRECT ENERGY, LP<br><br>        Defendant. | Case No.<br><br>COMPLAINT – CLASS ACTION |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiffs James Everett Shelton and Jon Frey bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      Mr. Shelton alleges that in violation of the TCPA, Direct Energy, LP ("Direct Energy") placed an automated telemarketing call to his cellular telephone number. Mr. Shelton never consented to receive this call, and it was placed to him for telemarketing purposes in an attempt to generate new business for Direct Energy.

3.      Mr. Frey alleges that in violation of the TCPA, Direct Energy placed automated telemarketing calls to his residential telephone number, despite the fact that Mr. Frey's number is listed on the National Do Not Call Registry. Mr. Frey never consented to receive these calls, and

they were placed to him for telemarketing purposes in an attempt to generate new business for Direct Energy.

4.      Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Direct Energy.

### Parties

5.      Plaintiff James Everett Shelton is a resident of the State of Pennsylvania and this District.

6.      Plaintiff Jon Frey is a resident of the State of Pennsylvania and this District.

7.      Defendant Direct Energy is headquartered in Houston, Texas.  Defendant Direct Energy is engaged in substantial and not isolated business activities in the State of Pennsylvania and the United States, including, but not limited to, making telemarketing calls into Pennsylvania, and then entering into contractual relationships and servicing the relationships with new customers that result from those telemarketing calls.

### Jurisdiction and Venue

8.      The Court has federal question jurisdiction over these TCPA claims.  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the illegal telemarketing calls that are the subject of this putative class action lawsuit were sent into this District.

**TCPA Background**

10.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA's Prohibition of Automated Telemarketing Calls</u>

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

3

14.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

<u>The National Do Not Call Registry</u>

15.     Perhaps the most well-known aspect of the TCPA was the creation of the National Do Not Call Registry. By adding a telephone number to the Registry, a consumer can indicate their desire not to receive telephone solicitations. *See* 47 C.F.R. § 64.1200(c)(2).

16.     The TCPA and its implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**<u>Factual Allegations</u>**

17.     Defendant Direct Energy is a provider of energy services.

18.     To generate new clients, Direct Energy relies on telemarketing.

19.     One of the telemarketing strategies used by Defendant involves the use of automated calls to solicit potential customers.

<u>Call to Mr. Shelton</u>

20.     Mr. Shelton is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21.     Mr. Shelton is the user of a cellular telephone number (484) 626-XXXX.

22.     Direct Energy placed an automated call to Plaintiff's cellular telephone number in on August 24, 2018.

23.     There was a distinctive "bloop" noise at the beginning of the call and a pause before a live representative came on the line.

24.     The "bloop" sound is consistent with use of a predictive dialer, which is automated dialing equipment subject to the TCPA's restrictions.

25.     The representative stated that they were calling on behalf of Direct Energy and that the purpose of the call was to solicit Mr. Shelton to switch energy providers to Direct Energy.

26.     Mr. Shelton was not interested in changing energy providers, has never done business with the Direct Energy, and had not provided his written consent to receive the call.

27.     In fact, prior to this lawsuit, Mr. Shelton wrote to Direct Energy asking for any evidence of his consent to call him, which he asserted did not exist.

28.     Direct Energy failed to provide any evidence of Mr. Shelton's consent to receive the calls.

29.     Mr. Shelton and the other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

30.     Moreover, these calls injured Mr. Shelton because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Mr. Shelton and the proposed classes.

Calls to Mr. Frey

31.     Mr. Frey is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

32.     Mr. Frey received two automated calls from Direct Energy to his residential telephone number, (215) 634-XXXX, even though that telephone number was listed on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

33.     On August 8, 2018, Direct Energy placed a call to Mr. Frey's residential telephone number.  The caller stated that the call was being made on behalf of Direct Energy and that the purpose of the call was to solicit him to switch energy providers to Direct Energy.

34.     Mr. Frey was not interested in changing energy providers, had never done business with the Direct Energy, and had not provided his written consent to receive the call.

35.     Several times during this call, Mr. Frey told the Direct Energy representative that he was not interested in changing energy providers, but the representative persisted in attempting to convince him to do so and to go through the registration process over the phone.  Mr. Frey again repeated that he was not interested.  Mr. Frey asked that his number be placed on Direct Energy's internal Do Not Call list and hung up the phone.

36.     Shortly thereafter, the representative called Mr. Frey *again*, and continued to ask him why he didn't want to save money on his electric bill.

37.     Prior to this lawsuit, Mr. Frey wrote to Direct Energy asking for any evidence of his consent to call him, which he asserted did not exist.

6

38.     Direct Energy failed to provide any evidence of Mr. Frey's consent to receive the calls.

39.     Mr. Frey and the other call recipients were harmed by these calls.  They were temporarily deprived of legitimate use of their phones because the phone line was tied up and their privacy was improperly invaded.

40.     Moreover, these calls injured Mr. Frey because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Mr. Frey and the proposed class.

### Class Action Allegations

41.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs sue on behalf of other persons or entities throughout the United States.

42.     The proposed classes are tentatively defined as:

ATDS CLASS:

> All persons within the United States: (a) to whom Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) promoting Direct Energy's products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint through the date of class certification.

DNC CLASS:

> All persons within the United States whose telephone numbers were listed on the National Do Not Call Registry, and who, at any time within the four years prior to the filing of this Complaint through the date of class certification, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

43.     The Plaintiff Shelton is a member of the ATDS Class, and the Plaintiff Frey is a member of the DNC class.

44.     Excluded from the classes are the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

45.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

46.     The potential class members number at least in the thousands.  Individual joinder of these persons is impracticable.

47.     There are questions of law and fact common to Plaintiffs and the proposed classes, including:

        a.     Whether the Defendant used an ATDS to send telemarketing calls;

        b.     Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

        c.     Whether the Defendant placed more than one call within a 12-month period to numbers on the National Do Not Call Registry;

        d.     Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

        e.     Whether the Plaintiffs and the class members are entitled to statutory damages because of the Defendant's actions.

48.     Plaintiffs' claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

49.     Plaintiffs are adequate representatives of the classes because their interests do not conflict with the classes' interests, they will fairly and adequately protect the classes' interests, and they are represented by counsel skilled and experienced in litigating TCPA class actions.

50.     The Defendant's actions are applicable to the classes and to Plaintiffs.

51.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

52.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting autodialer calls to cell phones

53.     Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

54.     The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to telephone numbers assigned to a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

55.     The Defendant's violations were negligent and/or knowing.

### Count Two:
### Violation of the TCPA's Do Not Call provisions

56.     Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

57.     The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

9

58.    The Defendant's violations were negligent and/or knowing.

**<u>Relief Sought</u>**

Plaintiffs request the following relief:

A.    That the Court certify the proposed classes;

B.    That the Court appoint Plaintiffs as class representatives;

E.    That the Court appoint the undersigned counsel as counsel for the classes;

F.    That the Court enter a judgment permanently enjoining the Defendant from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

G.    That, should the Court permit Defendants to engage in or rely on telemarketing, it enter a judgment requiring them to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendant complies with those measures;

H.    That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendant's compliance with the TCPA;

I.    That Defendant or anyone acting on its behalf be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

J.    That the Court enter a judgment awarding Plaintiffs and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

K.    That the Court enter an order awarding the Plaintiffs reasonable attorneys' fees and costs; and

L.      That the Plaintiffs and all class members be granted other relief as is just and

equitable under the circumstances.

**Plaintiffs request a jury trial as to all claims of the complaint so triable**


Plaintiff,
By Counsel,

Dated: October 4, 2018           By:   /s/ *Clayton S. Morrow*
                                       Clayton S. Morrow
                                       Email: csm@consumerlaw365.com
                                       Morrow & Artim, PC
                                       304 Ross Street, 7th Floor
                                       Pittsburgh, PA 15219
                                       Telephone: (412) 281-1250

                                       Anthony Paronich
                                       Email:  anthony@broderick-law.com
                                       BRODERICK & PARONICH, P.C.
                                       99 High St., Suite 304
                                       Boston, Massachusetts  02110
                                       Telephone:  (508) 221-1510
                                       *Subject to Pro Hac Vice*

11